MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name *(under which you were convicted)*: Sheldon Joel Ramnaraine | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA  V.  | Movant *(include name under which convicted)* Sheldon Joel Ramnaraine |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Middle District of Florida - Orlando Division
   401 West Central Boulevard, Orlando, Florida 32801

   (b) Criminal docket or case number (if you know):  6:11-CR-356-ORL-36DAB

2. (a) Date of the judgment of conviction (if you know):  7/13/2012

   (b) Date of sentencing:  7/12/2012

3. Length of sentence:  87 months imprisonment follwed by 15 years supervised release

4. Nature of crime (all counts):

   Count 1 -  distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1)
   Count 2 - possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2)

5. (a) What was your plea?  (Check one)
   (1) Not guilty ☐      (2) Guilty ✓      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Pled to both counts

6. If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ✓

8. Did you appeal from the judgment of conviction? Yes ✓ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Eleventh Circuit Court of Appeals
   (b) Docket or case number (if you know): 12-13821 (dismissed for failure to prosecute) & 15−15668
   (c) Result: Affirmed
   (d) Date of result (if you know): 5/7/2018
   (e) Citation to the case (if you know): 730 Fed.Appx. 749
   (f) Grounds raised:

   The district court erred in applying 5-level enhancements under United States Sentencing Guideline § 2G2.2(b)(3)(B) and (b)(7)(D)

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ✓ No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): 17-9249
       (2) Result: Denied
       (3) Date of result (if you know): 10/1/2018
       (4) Citation to the case (if you know):
       (5) Grounds raised:

       Mr. Ramnaraine's guideline calculation was improperly enhanced by five (5) levels because offense involved 600 or more images and

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✓ No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States District Court for the Middle District of Florida - Orlando Division
        (2) Docket or case number (if you know): 14-CV-1167-ORL-36TBS
        (3) Date of filing (if you know): 7/17/2014

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: Initial 2255

(5) Grounds raised:

1 - Defense Counsel was ineffective in allowing the direct appeal to be dismissed due to his repeated violations of orders by the Court of Appeals
2 - Defense Counsel was ineffective in failing to move to suppress inadmissible evidence used by the Government
3 - Defense Counsel was ineffective in failing to challenge undue distribution enhancements and material misinformation

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☑

(7) Result: Granted as to Ground 1, Grounds 2 & 3 dismissed without prejudice

(8) Date of result (if you know): 11/30/2015

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:
(2) Docket of case number (if you know):
(3) Date of filing (if you know):
(4) Nature of the proceeding:
(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☐

(7) Result:
(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐   No ☑
(2) Second petition:  Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MERITORIOUS MOTION TO SUPPRESS

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

1. Law enforcement nterrogated Ramnaraine in violation of Miranda.  He was not free to leave and thus in custody and subject to interrogation.  Agents retained his identification, physically blocked his exit and confronted him with alleged evidence of guilt during the 2 hour interrogation.
2. The confession was involuntary.  Ramnaraine was only 20 years old, had never had contact with law enforcement, the Agents blocked the exits, used deceptive tactics, and threatened to expose his homosexuality if he did not comply.
3. Ramnaraine's consent to search was involuntary.  Agents commanded they would need to search Ramnaraine's dorm room, locked him in the back of a police vehicle, presented him with "some paperwork" without explaining the contents or that he was consenting to search.  After Ramnaraine signed the form, the Agents modified it to include specific items they intended to search and seize.
4. Ramnaraine withdrew consent when he objected to the search at numerous points, asked the agents to leave and objected tot he removal of his electronics.
5. The search exceeded the scope of consent.  The consent to search did not include the memory card which contained two corrupt images of child pornography. The consent only authorized agents to take items containing evidence and neither computer contained evidence of a crime.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Issue not ripe for appeal; ineffective assistance

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Initial 2255

Name and location of the court where the motion or petition was filed:
Middle District of Florida - Orlando Division

Docket or case number (if you know): 14-CV-1167-ORL-36TBS

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

This issue was dismissed without prejudice when the belated appeal was granted

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

The dismissal was without prejudice

**GROUND TWO:** COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MERITORIOUS MOTION TO DISMISS BASED ON ENTRAPMENT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Law enforcement solicited Mr. Ramnaraine to download file sharing software on a lawful website. Law enforcement shared child pornography with Ramnaraine. Counsel did not investigate or advise Mr. Ramnaraine regarding a possible entrapment defense.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**  COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND/OR HIRE AN EXPERT.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel failed to investigate whether the images constituted images of minor in order to challenge the number of images at issue.  Counsel failed to investigate how the images came to be on Mr. Ramnaraine's computer, which would have supported an entrapment defense.  An expert would have revealed defects in the investigation and have provided information with which Mr. Ramnaraine could have challenged the government's evidence at trial and/or sentencing.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Not ripe for appeal; ineffective assistance

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** RAMNARAINE'S PLEA WAS NOT KNOWING AND VOLUNTARY

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel failed to adequately explain to Mr. Ramnaraine the rights he was giving up by entering a plea.  Defense counsel failed to advise Mr. Ramnaraine regarding the viability of a motion to suppress and the availability of an entrapment defense.  Mr. Ramnaraine was led to believe that counsel was hiring a psychological expert to testify at trial and that he still had the opportunity to proceed to trial despite pleading guilty.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Not ripe for appeal, ineffective assistance

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds have not been previously raised except the Motion to Suppress and Sentencing Issues. They were not previously raised either due to ineffective assistance of counsel, or because they were not yet ripe.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:
   Francis Wesley Blankner, Esq.

   (b) At the arraignment and plea:
   Francis Wesley Blankner, Esq.

   (c) At the trial:

   (d) At sentencing:
   Francis Wesley Blankner, Esq.

   (e) On appeal:
   Francis Wesley Blankner, Esq.; Tom Dale, Esq.

   (f) In any post-conviction proceeding:
   Richard Klugh, Esq.

   (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑     No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The judgment of conviction became final on October 1, 2018 when Certiorari was denied. The motion is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____
or any other relief to which movant may be entitled.


(Signature of Attorney (if any))

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on   09-30-2019   (date)

(Signature of Movant)

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**Ground 5: INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING**

Supporting Facts: Counsel stipulated to the Government's factual proffer which resulted in a higher standard of review on appeal and resulted in a finding the trial court did not err. Counsel failed to object to the facts as contained in the PSI and failed to assert that Mr. Ramnaraine's use of file sharing software was for the sole purpose of exchanging gay pornography, not images of minors. Counsel failed to contest whether the images constituted images of children and the number of images to avoid sentencing enhancements. Counsel failed to make any legal arguments regarding his objections at sentencing and essentially agreed that the enhancements were applicable.

Direct Appeal of Ground Five:

  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes X     No
  (2) If you did not raise this issue in your direct appeal, explain why:

Post-Conviction Proceedings:

  (1) Did you raise this issue in any post-conviction motion or application?
      Yes X     No
  (2) If you answer to Question (c)(1) is "Yes," state:
      Type of motion or petition:  Original 2255
      Name and location of court where motion r petition was filed:  Middle district of Florida, Orlando Division
      Docket or case number (if you know):
      Date of the court's decision:
      Result:  Dismissed without prejudice
  (3) Did you receive a hearing on your motion, petition, or application?

      Yes       No X

  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes       No X