UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELDON JOEL RAMNARAINE,

        Petitioner,

v.                                                                   Case No: 6:19-cv-1888-Orl-40DCI
                                                                       (6:11-cr-356-Orl-40DCI)

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

Upon consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) and in accordance with the *Rules Governing Section 2255 Proceedings for the United States District Courts*, it is **ORDERED** as follows:

1. The Government shall, within **NINETY (90) DAYS** from the date of this Order, file a Response indicating why the relief sought in the Motion to Vacate should not be granted.

2. As part of the initial pleading required by paragraph 1 of this Order, the Government shall also:

    a. State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

    b. State whether there was an appeal-waiver provision if Petitioner entered a plea pursuant to an agreement, and if so, whether the Government relies on the waiver as a defense to any claims collaterally challenging the effectiveness of Petitioner's attorney at sentencing;

  c. Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial pleading;

  d. Summarize the results of any direct appellate relief sought by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding;[1]

  e. Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2255; and

  f. State whether the United States Magistrate Judge assigned to this case was involved in Petitioner's criminal proceedings. Respondent has an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

  3. Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government listed in the bottom of this Order.

  4. Petitioner shall advise the Court of any change of address. The failure to do so will result in the case being dismissed for failure to prosecute.

  **DONE** and **ORDERED** in Orlando, Florida on October 15, 2019.

                   DANIEL C. IRICK
                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

3

Copies furnished to:

Office of the United States Attorney
400 W. Washington Street
Suite 300
Orlando, Florida 32801

Unrepresented Party
OrlP-3 10/16