UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELDON JOEL RAMNARAINE,
Petitioner,

v. Case No. 6:19-cv-1888-Orl-40DCI

UNITED STATES OF AMERICA,
Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO RAMNARAINE'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States opposes for the following reasons Sheldon Joel Ramnaraine's motion to vacate, set aside, or correct his sentence. Civ. Docs. 1, 2.[1]

## I. STATEMENT OF THE CASE AND FACTS

Ramnaraine used Gigatribe[2] and other file-sharing programs to collect and distribute child pornography. Presentence Investigation Report ("PSR") ¶¶ 8–11; Doc. 42. An undercover agent (UC) used a covert Gigatribe user

[1] References to filings in criminal case number 6:11-cr-356-Orl-36DCI are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

[2]Gigatribe is a file-sharing program that "allows a user to control all aspects of file sharing," and "[t]he user selects the individuals with whom he wants to share files by sending invites and also selects the files he wants to share. The user can deselect users or files at anytime" PSR ¶ 8.

account and queried the account's network of existing friends. PSR ¶ 8. The agent saw that user "daddysboi1991," later identified as Ramnaraine, was logged into the network, and sharing images of child pornography involving the sexual abuse and exploitation of prepubescent boys. *See* PSR ¶ 9; Doc. 42. The agent downloaded about 390 photographs and 3 videos of child pornography from Ramnaraine. PSR ¶ 9; Doc. 42. The images included depictions of sexually explicit conduct between prepubescent and young boys and prepubescent boys and adult men. *Id.*

The agents tracked the IP address of the computer sharing the files to Ramnaraine's home in Orlando, Florida. PSR ¶ 10. Agents conducted a consensual interview of Ramnaraine, and he consented to their search and seizure of his laptop, a memory stick, and a flash drive. *Id*; Doc. 42. During the interview, Ramnaraine admitted that he had been collecting and distributing child pornography using Gigatribe and other file-sharing programs for at least a year, and that his Gigatribe user name was "daddysboi1991." PSR ¶ 10; Doc. 42. Ramnaraine admitted that he used his laptop to download child pornography and that he saved his child pornography to his flash drive and memory card. PSR ¶ 11, Doc. 42. Ramnaraine said that he was sexually attracted to boys between the ages of 6 and 10, and that he only collected the types of images that he enjoyed. PSR ¶ 11, Doc. 42. He also stated that he

knew that the distribution and possession of child pornography was illegal and that he had periodically deleted his collection. PSR ¶ 11; Doc. 42. Although he stated in Gigatribe chats that he had molested children between the ages of 8 and 12, he advised the agents that his statements were not true. PSR ¶ 11.

A forensic computer examiner found approximately 210 images and 4 videos depicting the sexual exploitation and abuse of prepubescent children on Ramnaraine's storage devices. PSR ¶ 12; Doc. 42. Some of the images depicted sadistic or masochistic conduct. *Id.*

Ramnaraine was charged in a two-count indictment with distribution (Count One) and possession (Count Two) of child pornography. Doc. 1. Ramnaraine pleaded guilty, before the magistrate, without a plea agreement to both counts. Docs. 42, 45.

At his change-of-plea hearing, Ramnaraine was placed under oath and confirmed he understood the purpose of the proceedings. Doc. 67 at 5–6. He confirmed that he reviewed the indictment with counsel and understood the charges. *Id.* at 5–6. Ramnaraine stated he had sufficient time to discuss his plea with counsel and was satisfied with counsel's services. *Id.* at 6. The court found Ramnaraine competent to enter a plea of guilty. *Id.* at 7. Ramnaraine acknowledged that he did not have to plead guilty, denied that he had been

threatened, coerced or pressured to plead guilty and told the court under oath that he was pleading guilty "because I'm guilty." *Id.*

Ramnaraine understood this Court would determine his sentence and that he could not withdraw his plea if the sentence was harsher than what he discussed with counsel. *Id.* at 8–9. Ramnaraine confirmed he understood the sentencing process and the penalties he faced. *Id.* at 7–8, 11. He understood the rights he was giving up by pleading guilty including the right to trial, self-incrimination and any defenses. *Id.* at 11–13. Specifically, the court advised "[i]f you plead guilty and I accept your plea, do you understand that you're waiving your right to trial and other rights I've just mentioned. There will be no trial. You're giving up any possible defenses that you might have to these charges. *Id.* at 12. Ramnaraine stated under oath that he understood. *Id.* The court also discussed and Ramnaraine stated he understood the appeal waiver. *Id.* at 13.

Ramnaraine admitted under oath that he downloaded and shared child pornography using peer-to-peer software and that he knew the images were child pornography. *Id.* at 13–15. He also stated under oath that he had read the statement of facts that the government had submitted (filed at Doc. 42) and acknowledged that the statement of facts were "true and correct." *Id.* at 15. The court asked Ramnaraine, "[i]s there anything else that you want to tell

me or ask me that has any bearing on your decision to plead guilty that we haven't already covered?", and Ramnaraine answered under oath "no." *Id.* at 15. Ramnaraine acknowledged that he freely and voluntarily was pleading guilty. *Id.* at 16. The court found Ramnaraine's plea to be "knowingly, intelligently and voluntarily" made, and "not the result of force or of threats or promises[.]" *Id.* at 16. This Court then adjudicated him guilty. Doc. 49.

At sentencing, the Probation Officer determined that Ramnaraine had a total offense level of 37, criminal history category I, and that Ramnaraine faced an advisory guideline sentence of 210–262 months. PSR ¶ 63. Prior to sentencing, Ramnaraine objected to his offense-level calculation (¶¶ 25–29), arguing that the enhancements "violate due process under the United States Constitution, as well as immunities and privileges of the Equal Protection Clause of the United States Constitution." PSR Addendum at 1.

During the sentencing hearing, counsel acknowledged that the record contained a factual basis to support Ramnaraine's sentencing enhancements as set forth in his PSR and that this Court's precedent is contrary to his position. Crim. Doc. 72 at 4–5. As counsel explained, "I don't think the Court has the legal basis at this point to find that those paragraphs don't exist in the evidentiary fact finding, if the United States Attorney called the FBI witness to testify as to what he actually retrieved." *Id.* at 5. Counsel also made clear that

he had presented his objections to the sentencing enhancements merely for preservation purposes. *Id.*

This Court overruled Ramnaraine's objections to his sentencing enhancements. Doc. 72 at 8. As a result, Ramnaraine faced a guideline range of 210 to 262 months' imprisonment. During the hearing, defendant presented the testimony of his family members in mitigation of his sentencing. He also testified under oath that he cooperated fully with the FBI when they came to his dorm room, that he made a full statement to them about his illicit distribution of child pornography, that he turned over his computers to the FBI, and that he continued to cooperate with the investigation by providing two proffers to the FBI post-arrest. *Id.* at 159.

During his argument, the defense counsel urged the court to sentence the defendant to 60 months in prison, arguing, among other things, that the defendant's cooperation and rehabilitation mitigated in favor of a substantial variance. *Id.* 19-23. Ramnaraine faced a guideline range of 210 to 262 months' imprisonment, but this Court granted his request for a downward variance, and sentenced him 123 months below his guideline range (10 levels) to 87 months' imprisonment. Doc. 72 at 9, 29–30.

Ramnaraine appealed his sentence (doc. 60), but the appeal was dismissed for want of prosecution. Doc. 79. He then filed a section 2255

motion asserting ineffective assistance of counsel, and this Court vacated his sentence allowing for an out of time appeal. Doc. 83. Ramnaraine again appealed his sentence (doc. 85), arguing that this Court erred in applying 5-level enhancements under USSG § 2G2.2(b)(3)(B) and (b)(7)(D). *See United States v. Sheldon Joel Ramnaraine*, Appellant's Brief, No. 15-15668, 2016 WL 2989019. The Eleventh Circuit affirmed Ramnaraine's conviction, noting that this Court correctly applied both of the 5-level enhancements. Doc. 92.

Now, Ramnaraine seeks to vacate his judgment, pursuant to section 2255, alleging ineffective assistance of counsel throughout his case. Civ. Docs. 1, 2.

## II. MEMORANDUM OF LAW

### A. Burden of proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *see In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the defendant has failed to carry his burden. *Moore*, 830 F.3d at 1273; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review,

"the burden truly is on the defendant to show that the error actually did make a difference … Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."). Ramnaraine cannot meet this burden.

**B. Timeliness**

Ramnaraine's judgment of conviction became final October 1, 2018, when his petition for certiorari review was denied, therefore, he had until October 1, 2019, to file his section 2255 motion. *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (if prisoner timely petitions for certiorari review, section 2255 limitation period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits"). Ramnaraine timely filed his section 2255 motion on October 1, 2019.

**C. Cognizability**

Ramnaraine's claim that counsel was ineffective are grounded in the Sixth Amendment and is cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

**D. Merits**

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient

performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc; quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs,

his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

**i. Grounds One through Four—*Knowing and voluntary guilty plea waives all pre-plea ineffective assistance claims.***

Ramnaraine attempts to collaterally attack his conviction by claiming that his counsel was ineffective for failing to file a motion to suppress his confession and the search of his computer devices (Ground One), file a motion to dismiss based on entrapment (Ground Two), investigate and hire an expert (Ground Three), and properly advise him of his plea consequences (Ground Four). Civ. Docs. 1 at 4–8; 2 at 2–21. Ramnaraine is entitled no relief because the record shows that his plea was knowing and voluntary, and he thus waived the challenges he now raises.

"It is well-settled that a voluntary and intelligent plea of guilty…may not be collaterally attacked." *United States v. Scruggs*, 714 F.3d 258, 264 (5th Cir. 2013) (citation and internal quotation marks omitted). A "defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984). This includes any claim of ineffective assistance of counsel unless the deficient performance relates to the voluntariness of the plea itself. *See*, *e.g.*, *McMillin v. Beto*, 447 F.2d 453, 454 (5th Cir. 1971) ("denial of effective assistance of

counsel at arrest and during the following detention, are all matters which may not now be raised, being non-jurisdictional defects effectively waived by petitioner's guilty pleas”). Prisoners who challenge their guilty pleas on collateral review must overcome “a strong presumption of verity” accorded “solemn declarations” made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that “the two part [*Strickland*] test applies to challenges to guilty pleas based on ineffective assistance of counsel,” and that “to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” 474 U.S. at 58–59. Under Rule 11, the court must inform the defendant of any possible maximum penalty and any mandatory minimum penalty to which he will be subjected to by pleading guilty, and ensure that the defendant understands the sentencing range. Fed. R. Crim. P. 11(b)(1)(H)–(I). Rule 11 also “imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea.” *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013) (other citation omitted).

The court must address three core concerns: (1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *Id.* at 1240 (other citation omitted). A defendant who seeks reversal of his conviction after a guilty plea due to Rule 11 error, "must show a reasonability probability that, but for the error, he would not have entered the plea." *Id*.

After pleading guilty, a movant may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003), attack the voluntary and knowing character of the guilty plea, *Tollett*, 411 U.S. at 267 (noting that a guilty plea represents a break in the chain of events which had preceded it in the criminal process); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty. *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986).

Ramnaraine's own sworn statements at his change-of-plea hearing establish that his plea was knowing and voluntary and that counsel provided effective representation. Ramnaraine admitted that he was not threatened or

forced to plead guilty, that he was pleading guilty because he was guilty, and that he understood he could not withdraw his plea because his sentence was longer or hasher than he expected. Doc. 67 at 7–16. Moreover, Ramnaraine confirmed that he understood the indictment and plea agreement; the elements of the offense; the statutory penalties; and that he had the advice of counsel. *Id.* at 5–6.

Importantly, Ramnaraine stated that he was satisfied with his counsel's services. Although Ramnaraine incredulously contends that his counsel did not advise him that by pleading guilty he was waiving his right to a trial, the magistrate judge advised him of the consequences of his guilty plea. Indeed, Ramnaraine affirmed that by pleading guilty, he waived his right to trial and to "any possible defenses that you might have to the charges." *Id.* at 11–13.

Accordingly, Ramnaraine's guilty plea forecloses his nonjurisdictional and ineffective of assistance of counsel' claims set forth in grounds one through four of his motion and the court should deny these claims. *Yunis*, 723 F.2d at 796.

In addition, the record shows that counsel was not ineffective for failing to file a motion to suppress. Ramnaraine's dubious affidavit notwithstanding, Ramnaraine admitted during his change-of-plea hearing and his sentencing that his confession was voluntary and that he voluntarily consented, in

writing, to a search of his electronic devices. Docs. 67 at 15 (agreeing to government's statement of facts filed at Doc. 42); 72 at 11. Indeed, Ramnaraine relied on his cooperation with the investigation as a mitigating factor at sentencing. Ramnaraine's representations during his change-of-plea and sentencing hearings constitute a "formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Furthermore, Ramnaraine fails to articulate what facts counsel's independent investigation would have revealed that would have made a difference in his case. Speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence would have been revealed by further investigation. *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985). The decision whether to present a line of defense or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable. *Hardwick v. Crosby*, 320 F.3d 1127, 1162 n. 146 (11th Cir. 2003).

Accordingly, Ramnaraine has waived his pre-plea ineffective-assistance-of-counsel claims by the entry of his guilty plea. *See, e.g., Wilson*, 962 F.2d at 997 (knowing and voluntary guilty plea waives pre-plea ineffective assistance of counsel claim in a section 2255 proceeding); *Tiemens v. United States*, 724

F.2d 928, 929 (11th Cir. 1984) (guilty plea waives speedy trial and due process challenges in a section 2255 proceeding; collecting cases); *Franklin v. United States*, 589 F.2d 192, 194–95 (5th Cir. 1979) (guilty plea waives claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding); *United States v. Coil*, 442 F.3d 912, 914–15 (5th Cir. 2006).

Ramnaraine has not established that counsel's performance was deficient or that he suffered prejudice. This Court should deny these claims.

**ii. Ground Five:**

Ramnaraine also contends that his counsel was ineffective for failing to object to the 5-level enhancement for distributing child pornography for a "thing of value, but not for pecuniary gain," under USSG § 2G2.2(b)(3)(B). But, the record reflects that Ramnaraine's counsel did object, and the court overruled the objection. Doc. 72 at 4-5. Moreover, counsel did not act unreasonably by accepting the government's proffer regarding the nature of Ramnaraine's chats, rather than insisting that a federal agent testify to the chats. *See Hardwick v. Crosby*, 320 F.3d 1127, 1162 n. 146 (11th Cir. 2003)(The decision whether to present a line of defense or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable). The Assistant United States Attorney is an officer of the

court, the AUSA quoted from chats located on Ramnaraine's computer that the government provided to counsel in discovery, and Ramnaraine's counsel acknowledged that an FBI's agent's testimony would support the enhancements. *Id.* at 5. In addition, Ramnaraine has failed to establish prejudice because the Eleventh Circuit held that the adjustment was proper. Doc. 92.

Ramnaraine also contends that his counsel was ineffective for failing to analyze the images of child pornography to determine if any of the images depicted a child under the age of 12 and to object to this enhancement at sentencing. Ramnaraine provides no evidence that his counsel did not view the images of child pornography, and counsel did preserve the objection at sentencing. Nevertheless, counsel was not ineffective because Ramnaraine admitted that he distributed images depicting the sexual abuse and exploitation of prepubescent boys during his change of plea hearing. Docs. 67 at 15 (agreeing to government's statement of facts filed at Doc. 42).

Similarly, counsel was not ineffective for failing to object to the sentencing enhancement for number of images under USSG § 2G2.2(b)(7)(D). The indisputable records shows that Ramnaraine distributed 390 pictures and 3 videos of child pornography to the agent through Gigatribe and possessed 210 images and 4 videos of child pornography on his devices, totaling over 1000

images of child pornography under the guidelines. *See* USSG § 2G2.2 comment. (n.6(B)(ii))(each video "shall be considered to have 75 images). *See also*, Doc. 67 at 15 (agreeing to government's statement of facts filed at Doc. 42). Accordingly, the enhancement was proper and counsel was not ineffective for failing to make a frivolous objection.

**E. Ramnaraine is not entitled to an evidentiary hearing.**

Ramnaraine has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish a right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963). A district court deciding a section 2255 motion may "order … its summary dismissal '[i]f it plainly appears from the face of the motion and … exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quotations omitted). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Ramnaraine has not established the need for an evidentiary hearing because the issues he raises are waived and facially insufficient to merit relief.

THEREFORE, the United States respectfully requests that this Court deny Ramnaraine's 28 U.S.C. § 2255 motion.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/ Karen L. Gable*
KAREN L. GABLE
Assistant United States Attorney
USA No. 025
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Karen.Gable@usdoj.gov

**Ramnaraine v. United States** **Case No. 6:19-cv-1888-Orl-40DCI**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Courtney Montiero, Esq.

*s/ Karen L. Gable*
KAREN L. GABLE
Assistant United States Attorney
USA No. 025
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Karen.Gable@usdoj.gov