UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRIMINAL CASE: 6:11-CR-365-ORL-36DAB
CIVIL CASE: 6:19-CV-1888-ORL-40DCI

UNITED STATES OF AMERICA,
         Plaintiff,

v.

SHELDON JOEL RAMNARAINE
         Defendant.
_____/

## REPLY TO "UNITED STATES' RESPONSE IN OPPOSITION TO RAMNARAINE'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255"

COMES NOW, the Defendant/Petitioner SHELDON JOEL RAMNARAINE, by and through the undersigned counsel, in response to the United States of America United States' Response in Opposition to Ramnaraine's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") and in defense states as follows:

SUMMARY OF ARGUMENT

In Response to Mr. Ramnaraine's Motion for Post-Conviction Relief, the Government essentially rests all of its argument on the fact that Mr. Ramnaraine's plea was knowing and voluntary. The Government completely failed to address the substance of any of Mr. Ramnaraine's arguments with respect to counsel's failure to file motions to suppress under various legal theories;[1] counsel's failure to investigate and/or hire an expert; and counsel's failure to file a motion to dismiss based on an entrapment defense.   Accordingly, the Government should be

---

[1] In addition to the legal theories presented in Mr. Ramnaraine's Initial § 2255, a University of Florida Police Report further bolsters Mr. Ramnaraine's account that he was interrogated by the FBI as it proves that the initial interrogation occurred in the FAC Building which directly contradicts the statement that Mr. Ramnaraine was interviewed in his dorm room as contained in the FBI 302.  *See Exhibit A, Attached.*

deemed to have conceded the validity of these claims.  Instead, of addressing the actual merits of his claims, the Government claims that Mr. Ramnaraine entered a plea of guilty with full knowledge of the consequences, and that this fact is an absolute bar to the relief which he seeks. *See* DE4, p. 12-13.

Although the Government is correct that statements at a plea proceeding are entitled to a "strong presumption" of verity, and that a ***knowing and voluntary plea*** waives all non-jurisdictional defects – the Government is incorrect that the mere fact of a plea, and the statements made by the defendant during his plea colloquy, are an absolute bar to relief. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The Eleventh Circuit has held that conclusory responses by a defendant and his counsel to a court's inquiry into whether the defendant "understands" the charge is not sufficient to establish that the defendant actually has knowledge and understanding, particularly when he possesses minimal intelligence. *See Gaddy v. Linahan,* 780 F.2d 935, (11th Cir. 1986) (citing *Monroe v. United States,* 463 F.2d 1032, 1035 (5th Cir.1972)).  To that end, Federal law is clear that a plea ***cannot be*** knowing and voluntary where counsel was ineffective in connection with his or her representation during a plea proceeding. More specifically, where counsel fails to investigate, fails to become familiar with the facts of the case, or fails to adequately advise the defendant as to the possible defenses, counsel renders ineffective assistance. A plea taken in reliance on that assistance cannot be deemed voluntary.

As applied to the instant case, Mr. Ramnaraine has alleged the following facts and circumstances which render his plea involuntary: (1) his attorney incorrectly advised him that he could plead guilty while still pursuing a trial; (2) his attorney incorrectly advised him that the plea was a mere "formality" of the legal process that would not affect his rights to challenge the Government's allegations; (3) his attorney informed him that a psychologist had been hired on Mr.

Ramnaraine's behalf just prior to the plea, further supporting Mr. Ramnaraine's belief that the plea would not end the trial process; (4) his attorney advised him that no motion to suppress could be filed without losing "points" with the Government; (5) his attorney failed to advise him of the possible defenses to the crime for which he pled; and (6) his attorney failed to investigate certain the facts of the case prior to the plea. These allegations make clear that Mr. Ramnaraine's plea was based on ineffective assistance of counsel and as such was not knowing and voluntary.

In addition, the Government asserts that Mr. Ramnaraine's counsel was ineffective for failing to object to a sentencing enhancement under USSG § 2G2.2 because said enhancement was improper in this case. More specifically, the Government claims that Mr. Ramnaraine possessed over 1000 images. Unfortunately, the Government utilizes both "shared" images and "possessed" images to arrive at that figure. The government is only permitted to utilize images that were in Mr. Ramnaraine's possession (510 images total, including videos) in calculating the enhancement. Counsel's failure to recognize this and object to the enhancement constitutes ineffective assistance of counsel.

I.     MR. RAMNARAINE'S PLEA IS NOT AN ABSOLUTE BAR TO RELIEF

A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial. *Finch v. Vaughn*, 67 F. 3d 909, 914 (11th Cir. 1995). Accordingly, as with all waivers, the choice to plead guilty must be both knowing and voluntary, and constitute an "intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Cannon v. Jones*, 2017 U.S. Dist. LEXIS 36523 (N.D. Fla. Feb. 7, 2017).

> The constitutional standards for a collateral attack on a guilty plea grounded on ineffective assistance of counsel are fairly well established. Once a plea of guilty has been entered, non-jurisdictional [sic] challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained. The guilty plea cannot have been knowing and voluntary, however, if a defendant does not receive reasonably effective assistance

<u>of counsel in connection with the decision to plead guilty</u>, because the plea does
not then represent an informed choice.

*Scott v. Wainwright*, 698 F. 2d 427, 429 (11th Cir. 1983) (emphasis added). To that end, counsel
must "be familiar with the facts and the law in order to advise the defendant of the options
available." *Id.* Further, "the guilty plea does not relieve counsel of the responsibility to investigate
potential defenses so that the defendant can make an informed decision." *Id. See also Lee v.
Hopper*, 499 F. 2d 456, 463 (5th Cir. 1974) ("It is the lawyer's job to provide the accused an
understanding of the law in relation to the facts. And a lawyer who is not familiar with the facts
and law relevant to his client's case cannot meet that required minimal level of assistance.");
*Bradbury v. Wainwright*, 658 F. 2d 1083, 1087 (5th Cir. 1981) ("When a guilty plea is entered, it
is defense counsel's duty to assist actually and substantially the defendant in deciding whether to
plead guilty and to ascertain whether the plea is entered knowingly and voluntarily."); *Mason v.
Balcom*, 531 F. 2d 717, 724 (5th Cir. 1976) ("[Counsel's] advice should permit the accused to
make an informed and conscious choice. In other words, if the quality of counsel's service falls
below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because
it will not represent an informed choice."); *Ford v. Ford*, 749 F. 2d 681, 683 (11th Cir. 1985)
(finding that defendant's plea was involuntary where counsel rendered ineffective assistance in
connection with the taking of the plea).

In the instant case, contrary to the Government's assertion – Mr. Ramnaraine has
adequately alleged that his counsel's advice in connection with his plea was so ineffective that his
guilty plea cannot be considered to have been knowing and voluntary. More specifically, Mr.
Ramnaraine has sworn that his counsel misadvised him as to the *effect* of his plea. *See* DE2-1, p.
17. Mr. Ramnaraine alleged that his attorney told him to "agree with everything the judge said"
and to follow counsel's "lead." *Id.* at p. 20. Mr. Ramnaraine further explained that his counsel to

told him that the change of plea hearing "was just a formality in the entire court process." *Id.* Accordingly, Mr. Ramnaraine was not adequately instructed as to the nature of a plea, the consequences of the plea, and the finality of the plea.

Further, and in addition, Mr. Ramnaraine asserts that his counsel did "nothing" to investigate the case including counsel's failure to hire experts or investigate the charges and potential avenues of suppression of evidence. *Id.* at p. 22-23.[2] It is without question that counsel had an <u>absolute obligation</u> to investigate the charges and inform Mr. Ramnaraine regarding possible valid defenses. In this case, the potential defenses were numerous. Mr. Ramnaraine had a number of grounds for a viable motion to suppress; a potential entrapment defense; and with the aid of a forensic computer specialist could have challenged the charges. *See Exhibit B, Affidavit of Thomas Pullen attached.* Mr. Ramnaraine's counsel did none of these things and wholly failed to adequately advise Mr. Ramnaraine regarding his plea, or other viable defense strategies. Instead, Mr. Ramnaraine's entire family can attest to the utter lack of representation provided by Mr. Blankner. *See Exhibit C, Affidavit of John C. McClure; Exhibit D, Affidavit of Urmila McClure;*

---

[2] The Government asserts that Sheldon failed to identify any areas which his counsel "failed to investigate" instead making bare conclusions. *See* DE4, p. 14 ("[Sheldon] fails to articulate what facts counsel's independent investigation would have revealed that would have made a difference in this case."). This assertion is belied by the face of Mr. Ramnaraine's motion and memorandum in support thereof. First, Mr. Ramnaraine asserts, and the evidence supports the notion that ***it was government agents*** who ***actually initially shared illegal child pornography*** with Mr. Ramnaraine. However, the reports are vague (when viewed by a forensic computer expert) and require further investigation as to how and why this sharing occurred, and to confirm that law enforcement agents initially put illegal contraband into Mr. Ramnaraine's hands. If this were confirmed, ***the defense of entrapment*** would be viable almost as a matter of law. It is unquestionably impermissible and would constitute entrapment for law enforcement to put child pornography in the hands of a citizen and then turn around and arrest that citizen for the possession of said child pornography. Is it though??? Further, a forensic examination would have shown where the child pornography in question was actually found if at all, and assisted in explaining other important "missing" information from law enforcement reports. In a child pornography case these potential avenues of defense are critical and necessary.

*Exhibit E, Affidavit of Swarsati Ramnaraine.*  Instead, Mr. Blankner imparted excuses and false hope.

Mr. Ramnaraine acknowledges that the plea colloquy included a waiver of the right to proceed to trial.  However, he waived that right without having even a basic understanding of the charges and evidence against him, much less any comprehension of his sentencing exposure. Counsel's complete failure to investigate and advise Mr. Ramnaraine regarding the evidence against him was not merely ineffective but instead equates to having had no assistance of counsel whatsoever.  At the naïve age of twenty and having been only recently forced out of the closet by coercive FBI agents, Mr. Ramnaraine was so ill prepared by counsel and his understanding of the proceedings against him was so lacking that even after he acquiesced to the Court's colloquy still believed he could proceed to trial.

It is evident that Mr. Ramnaraine would have been better off without counsel at all.  Under the circumstances of ***this case***, Mr. Ramnaraine's waiver of rights when viewed in conjunction with his absolute ignorance of the proceedings against him mandates withdrawal of his guilty plea. Mr. Ramnaraine, having served more than six years in federal prison currently stands a convicted sex offender at the age of twenty-nine.  This designation will haunt him for the rest of his life.  The prejudice to Mr. Ramnaraine is obvious.

Mr. Ramnaraine's plea was not knowing and voluntary because counsel failed to investigate the charges against Mr. Ramnaraine, advise Mr. Ramnaraine of possible viable strategies and defenses to the charges, and adequately instruct Mr. Ramnaraine as to the consequences and effect of his plea. The fact that Mr. Ramnaraine's plea was involuntary due to ineffective assistance of counsel not only requires that the Court vacate his guilty plea but also that the other non-jurisdictional issues raised in his § 2255 be considered on their merits.

II.     COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
        ENHANCEMENT UNDER USSG § 2G2.2(b)(7)(D).

Next, the Government contends that counsel was not ineffective for failing to object to the

above stated enhancement because Mr. Ramnaraine "distributed" and "possessed" over "1000

images of child pornography." DE4, p. 17-18. This argument misses the point.

Mr. Ramnaraine asserts that the Government could only attribute to him the images which he

"actually possessed." This would include only the images that were found on his flash drive. Those

images amounted to only 210 photographs and 4 videos. Considering each video constitutes "75

images" that brings the total number of images that Mr. Ramnaraine "possessed" to only 510. The

enhancement that the Government requested and the Court imposed requires **600 or more** images.

*See* USSG § 2G2.2(b)(7) (2019).

Although government agents apparently "obtained" an additional 615 images (390

photographs and 3 videos) from Mr. Ramnaraine over a peer-to-peer ("P2P") network program,

Mr. Ramnaraine maintains (and a forensic expert would confirm) that Mr. Ramnaraine never

actually possessed these images. As previously argued, the P2P program utilized in this case was

called "Gigatribe" ("GT"). The program requires that a user download software to his or her

computer and thereafter create a unique username and password. Importantly, a user **cannot simply**

**search** the software for images or videos. Instead, a user can only "share" folders, files, pictures,

movies or other data with individuals who are "contacts" of the user.

In aid of the execution of this motion, the undersigned did in fact consult with a computer

forensic expert who indicated that the governmental reports shared in discovery are incomplete,

don't make sense, and indicate that files were allegedly "shared" without Mr. Ramnaraine having

"joined" any "networks."  *See Exhibit B, attached*. Because GT is a system that **cannot** be used to

search, and instead only permits sharing among those joined in a network it is peculiar if not

impossible to imagine that law enforcement could have downloaded or shared anything from Mr. Ramnaraine directly.

Counsel was not only ineffective for failing to hire a forensic computer expert (for purposes of sentencing and trial) but was further ineffective for failing to object to the enhancement at issue. Mr. Ramnaraine should have been attributed only to those images that he ***actually possessed***; meaning those images which were ***actually found*** by law enforcement on his computer and/or flash drive. Those images are less than the requisite 600 images required for the five (5) level enhancement.

<u>CONCLUSION</u>

WHEREFORE, Mr. Ramnaraine respectfully requests this Honorable Court: (1) order that this matter be set for an evidentiary hearing forthwith;[3] (2) grant this motion for post-conviction relief; and (3) vacate the judgment and sentence previously entered.

Respectfully Submitted,

<u>/s/ Courtney Montiero</u>
Courtney Montiero, Esquire
Florida Bar # 73901
2847 Hollywood Blvd.,
Hollywood, Florida 33020
Tel: (954) 947-2848
Fax: (954) 272-7657
Email: courtney@montierolaw.com
Attorney for Petitioner

---

[3] Mr. Ramnaraine has alleged that his counsel was ineffective by sworn allegations. This requires the Court set an evidentiary hearing. *See Hernandez v. United States*, 778 F. 3d 1230, 1232 (11th Cir. 2015) ("Because [petitioner] alleged facts that, if true, would entitle him to relief, we vacate and remand with instructions to conduct an evidentiary hearing."); *Carmichael v. United States*, 659 Fed. Appx. 1013, 1020 (11th Cir. 2016) (finding that petitioner is entitled to an evidentiary hearing on his 2255 if the facts he alleges would entitle him to relief and those facts are not "affirmatively contradicted" by the record). Here, the record is wholly silent as to whether counsel investigated, hired an expert, informed Sheldon of viable defenses. The only record evidence to these matters are the sworn allegations of Mr. Ramnaraine, as the Petitioner. His sworn allegations, if true, would entitle him to relief and as such he must be granted an evidentiary hearing.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of May 2020 the foregoing document was filed

electronically with the Clerk of Court using CM/EFC and thereby served on all counsel of record.

By: <u>*/s/ Courtney Montiero*</u>
Courtney Montiero, Esquire