UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELDON JOEL RAMNARAINE,

        Petitioner,

v.                                            Case No: 6:19-cv-1888-PGB-DCI
                                                      (6:11-cr-356-PGB-DCI)

UNITED STATES OF AMERICA,

        Respondent.
_____/

**<u>ORDER</u>**

This cause is before the Court on Petitioner's Motion to Conduct Discovery (Doc. 9). Petitioner requests permission to inspect and review the evidence seized in the underlying criminal case, images of child pornography, "to determine defenses at trial and/or issues for sentencing. . . ." (*Id.* at 3-4). Petitioner contends that review of the images will assist in proving his claim that trial counsel did not inspect/analyze any of the suspected child pornography to determine if they actually contained prohibited images or to determine "the actual number of images. . . ." (*Id.* at 4). Petitioner also states that review of this evidence will enable an expert to determine how the images came to be on Petitioner's computer. (*Id.*).

Petitioner also requests copies of any communications with the United States Attorney's Office and the Federal Bureau of Investigation. (*Id.* at 5-6).

A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the *Rules Governing Section 2255 Cases for the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause "is shown were 'specific allegations before the court show reason to believe that the petition may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Reed v. Culliver*, 244 F. App'x 304, 306 (11th Cir. 2007) (quoting *Bracy*, 520 U.S. at 908-09).

After considering the arguments made in Petitioner's motion, the Court concludes that Petitioner has failed to establish good cause for the requested discovery. Petitioner pled guilty to one count of distribution of child pornography and one count of possession of child pornography. (Criminal Case 6:11-cr-356-PGB-DCI, Doc. 67). Petitioner's discovery request essentially amounts to an unauthorized "fishing expedition" despite the fact that he admitted he committed the crimes and agreed to the factual basis of the plea. *See Borden v. Allen*, 646 F.3d 785, 810 n. 31 (11th Cir. 2011) ("Inherent in the fact pleading requirement of the

federal habeas rules is the notion that a habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim.").

Discovery is therefore not warranted at this juncture. If, after review of the § 2255 motion, the response, and Petitioner's reply, this Court determines that Petitioner's claims are potentially meritorious, the Court may order discovery at that time. Accordingly, it is **ORDERED** that Petitioner's motion (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record